# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | CRIM. ACTION NO. 3:19-CR-0086-S |
| SU Y. AMOS MUN (3) | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Su Y. Amos Mun's ("Mun") Motion for Compassionate Release [ECF No. 623]. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

Mun was convicted of Maintaining a Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(2). On December 19, 2019, the Court sentenced Mun to 240 months' imprisonment, to be followed by two years of supervised release. Mun is 65 years old and is incarcerated at F.C.I. Seagoville. He claims to suffer from hypertension, diabetes, and cholesterol problems. Mot. for Compassionate Release 1. Mun attached the denial of his initial request for release but did not provide any evidence that he appealed Warden K. Zook's denial. He moves for the Court to reduce his sentence and order his release. *See id.*

### II. EXHAUSTION

Under 18 U.S.C. § 3582(c)(1)(A), a district court may "reduce the term of imprisonment" upon a "motion of the defendant after the defendant has *fully exhausted* all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see also United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020). The exhaustion requirement set forth in § 3582(c)(1)(A) is "a glaring roadblock foreclosing compassionate release," especially where the "BOP has not had thirty days to consider

[the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). In the present case, although Defendant contends that he petitioned Warden Zook, the Defendant has not demonstrated that the BOP has rejected an appeal petition or that an appeal was filed at all. *See* Mot. for Compassionate Release 2. Accordingly, the Court finds that Defendant has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf."[1] 18 U.S.C. § 3582(c)(1)(A).

### III. COMPASSIONATE RELEASE

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *Chambliss*, 948 F.3d at 692-93 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Muniz*, Crim. A. No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("Upon such a motion, a court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that 'extraordinary and compelling reasons warrant such

---

[1] The Court recognizes that "several courts have concluded that [the exhaustion requirements] is not absolute and that it can be waived by the [G]overnment or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (collecting authorities). Even if the Court excused Defendant's failure to fully exhaust his administrative remedies, however, Defendant would not be entitled to compassionate release for the reasons explained below. *See infra* § III.

a reduction' and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i)-(ii))).[2]

The policy statement applicable to compassionate release—U.S. Sentencing Guidelines Manual § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *Muniz*, 2020 WL 1540325, at *1 (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A) & cmt. n.1 (U.S. SENTENCING COMM'N 2018) [hereinafter "U.S.S.G."]).

> Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*Id.* (alteration in original) (quoting U.S.S.G. § 1B1.13 cmt. n.1). "The policy statement also requires that the defendant not pose a danger to the safety of the community." *Id.* (citing U.S.S.G. § 1B1.13(2)).

Mun may be 65 years old, but he provides no health records demonstrating that he is especially at risk. *See United States v. Delgado*, No. 3:17-CR-242-B (01), 2020 WL 2542624, at *3 (N.D. Tex. 2020) ("[Defendant] has failed, however, to provide the Court any medical records . . . to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care.").[3] And, even if the Court had recent health records confirming that Mun's underlying conditions cause him to be at an elevated risk of harm if he were to contract the virus—as observed above—there is no evidence that the virus has spread

---

[2] The Court construes Section 3582(c)(1)(A) as expressing Congress's preference that the BOP be the "initial gatekeeper" for compassionate release claims. *United States v. Jemal*, Crim. A. No. 15-570, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020). This construction reflects the reality that the BOP is "undoubtedly in the best position to assess any risks that might be posed to an inmate by his prison environment and the COVID-19 virus circulating within it." *Id.*

[3] Records are a necessity in cases like this one because the Court "must consider every prisoner individually and [is] cautious about making blanket pronouncements that [particular] categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *Delgado*, 2020 WL 2542624, at *3.

widely at FCI Seagoville,[4] and Mun has provided "no evidence that the safety measures the BOP has implemented at FCI Seagoville are ineffective at protecting against the spread of COVID-19. [A movant's] general concern that he may contract COVID-19 while incarcerated, while understandable, does not warrant release." *Risner v. Fowler*, No. 3:19-cv-03078-N (BT), 2020 WL 2110579, at *7 (N.D. Texas May 1, 2020) (citations omitted).

Mun has therefore not established that he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of [his] correctional facility." U.S.S.G. § 1B1.13 cmt. n.1. So, applying its discretion, the Court is not persuaded that Mun's Motion for Compassionate Release is consistent with applicable policy statements issued by the Sentencing Commission.

Nor is the Court persuaded that the applicable Section 3553(a) factors would support Mun's motion, considering the seriousness of his offense and the length of time remaining on his custodial sentence.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mun's Motion for Compassionate Release.

**SO ORDERED.**

SIGNED June 4, 2020.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

---

[4] The information provided to the public by BOP shows that only one staff member at F.C.I. Seagoville has tested positive with zero positive inmates. *See* Federal Bureau of Prisons, COVID-19: CORONAVIRUS, https://www.bop.gov/coronavirus/.